Bigelow, J.
The single question upon which this case turned at the trial was, whether the plaintiffs had shown a valid title to the note in suit. They claimed to recover as indorsees, by a title derived through the indorsement of Hall & Lane, who, as copartners under that name, were payees of the note. The main ground of defence was, that the indorsement of the name of the firm was put upon the note after the dissolution of the copartnership, caused by an application of one of the firm, individually and not as copartner, for the benefit of the insolvent laws, and by the publication of the messenger’s notice of the commencement of such insolvent proceedings; and that, therefore, no title to the note was passed by such indorsement, upon the familiar and well-settled rule of law, that, after the dissolution of a copartnership, in the absence of any special authority, one partner cannot indorse negotiable paper in the name of the firm.
We consider it unnecessary to go into a consideration of the question, which was very fully and ably discussed at the argument, whether a note, on which the name of the firm was indorsed before dissolution, but which was actually negotiated and put into circulation after the dissolution, by one of the copartners, without the authority of the other, passes by a good title to the indorsee; because, upon the facts stated in the bill of exceptions and found by the jury, we are of the opinion that a perfect title to the note was vested in one of the copartners, individually, before the dissolution, and before he negotiated it to the plaintiffs. It appeal's that the copart-ners, payees of the note, a month prior to the fourth day of October, 1849, had sold to the defendant their stock in trade, for which they took in payment six promissory notes. Four of these notes, by an agreement between the two copartners, subsequently made, were divided between them, each copart-ner taking two as his individual property. Hall, one of the copartners, received the note in suit, under this arrangement, as his own property. These facts seem not to have been in dispute between the parties at the trial. The question as to the time when the indorsement of the name of the firm was made on this note, was contested at the trial, and the ’ury *360 have found that it was, in fact, indorsed before the publication of the messenger of the notice of the insolvency of the other copartner, and, consequently, before the dissolution of the copartnership thereby.
We have, then, this state of facts, admitted or found by the jury. Two copartners, during the continuance of the copartnership, agree to divide, and do actually divide, the joint property of the firm between themselves, each taking his share as his own individual property. This they had the legal right and power to do. Collyer on Part. § 174. Having the right to make such division of the copartnership effects, and having exercised it by dividing the notes among themselves, it follows, as a necessary consequence, that, while the copartnership continued, each copartner was fully empowered to do all that was necessary, in the name of the firm, to carry the division into effect, and to vest the title to the partnership property in .themselves individually. While the copartnership continued, there could be no doubt of the power of one copartner to indorse a note in the name of the firm to a thud person; and when it is agreed between the copartners to make it the separate property of one of the firm, he has the same authority, prior to the dissolution, to indorse it in Hie name of the firm, for the purpose of vesting a valid title thereto in himself.
The jury having found, that the indorsement on the note in suit was made before the dissolution of the firm, caused by Lane’s individual application for the benefit of the insolvent laws, and it being admitted that such indorsement was made in pursuance of a valid agreement between the copart-ners, for a division of the four notes taken by them in payment for their stock in trade, it follows that thereby a good title to the note in suit was vested in Hall, so that he had a right to transfer it to the plaintiffs, who now hold it by a valid title derived through him. It is not, therefore, the case of a note put in circulation for the first time, upon its transfer by Hall to his indorsee, but that of a note first passed by a firm to one of its members, as indorsee for value, and by him negotiated in the regular course of business.

Exceptions overruled.